## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KIMMARA SUMRALL** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No. 1:25-cv-02277** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JANINE ALI** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## Plaintiff's Supplemental Briefing on *Steele v. United States*

# Table of Authorities

*Clayton v. District of Columbia,
    36 F. Supp. 3d 91 (D.D.C. 2014)............................................................... 1

Colo. River Water Conservation Dist. v. United States,
424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)........................................ 2, 3, 4

*Edge Inv., LLC v. District of Columbia,
    441 U.S. App. D.C. 463, 927 F.3d 549 (2019)........................................ 2

Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.,
    722 F.3d 88 (2d Cir. 2013)........................................................... 1

Katz v. Gerardi,
    655 F.3d 1212 (10th Cir. 2011)........................................................... 1

Lexmark Int'l, Inc. v. Static Control Components, Inc.,
    572 U.S. 118, 134 S. Ct. 1377 (2014)........................................... 4

*McClellan v. Carland,
    217 U.S. 268, 282 (1910)................................................................. 3

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1, 103 S. Ct. 927 (1983)..................................................... 3, 4

Seattle Pac. Univ. v. Ferguson,
    104 F.4th 50 (9th Cir. 2024)............................................................. 4

Silverman v. Barry,
    727 F.2d 1121 (D.C. Cir. 1984)........................................................ 4

Sprint Commc'ns, Inc. v. Jacobs,
    134 S. Ct. 584, 187 L. Ed. 2d 505 (2013)....................................... 2

Steele v. United States,
    No. 24-5076, 2025 U.S. App. LEXIS 17784 (D.C. Cir. 2025)...................... 1, 2, 3, 4

*Wyles v. Sussman,
    661 F. App'x 548 (10th Cir. 2016)................................................ 2

Zerilli v. Evening News Ass'n,
    628 F.2d 217 (D.C. Cir. 1980)........................................................ 1

**Additional Authority**

Article III, § 2 of the U.S. Constitution…………………………………………    4

## ARGUMENT

"[T]he rule long applied in this Circuit" is that "Parties may not 'maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Steele v. United States*, No. 24-5076, 2025 U.S. App. LEXIS 17784, at *13-14 (D.C. Cir. July 18, 2025) (quoting *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980)). This rule is inapplicable for two reasons: (1) Plaintiff's initial litigation was in D.C. Superior Court, which is not "the same court" as this one; and (2) Plaintiff is not "maintain[ing]" any separate litigation at this time as the parties have stipulated to the dismissal of the Superior Court case.

*Steele* centered on a party abandoning claims in federal court, the federal court thereafter denying leave to renew the claims via amendment, and then the party filing a new action in the same federal court on the basis of the abandoned claims. *Id*. at *6-7. Unlike here, the entirety of *Steele* occurred within "the same court."

Relying heavily on the 10th Circuit, *Steele* notes "[c]laim-splitting obliges a plaintiff to 'assert all . . . causes of action arising from a common set of facts in one lawsuit.'" *Id*. at *15 (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). However, the 10th Circuit has since rejected applying *Katz* to situations in which litigation is split between state and federal court as did the former Chief Judge of this District, Richard Roberts, noting "the [*Katz*] test is not relevant when the two actions are filed in a federal district court and a state court." *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (citing *Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 92-93 (2d Cir. 2013)). In *Wyles*, the 10th Circuit reversed a lower court relying on *Katz* on this issue, noting "although the district court and the parties appeared to assume that the claim-splitting rule applies equally to attempts

1

to maintain identical actions in state and federal court, case law indicates otherwise." *Wyles v. Sussman*, 661 F. App'x 548, 551 (10th Cir. 2016). Instead, "the general rule is that a pending state-court action 'is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id*. (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). Plaintiff briefed on *Colorado River* in her Reply to her pending Motion, noting that federal courts may only reject cases over which they have jurisdiction under "exceptional circumstances, none of which are present here." ECF No. 8 at 8[1] (citing *Edge Inv., LLC v. District of Columbia*, 441 U.S. App. D.C. 463, 464, 927 F.3d 549, 550 (2019)) (citing *Colo. River*, 424 U.S. at 813)) (cleaned up). The Reply further noted the D.C. Circuit's recognition of "the unflagging obligation of the federal courts to exercise their jurisdiction." *Id*. (citing *Edge*, 927 F.3d at 552). It is precisely because of this obligation that *Steele* and the Tenth Circuit's *Katz* can only apply to duplicative federal litigation; a federal court fulfills its virtually unflagging obligation by asserting jurisdiction over the initial matter. Here, however, there is no initial action over which a federal court has already asserted jurisdiction.

Defendant will likely look to the following language in *Steele*: "claim-splitting requires prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) *before a court of competent jurisdiction*." *Steele*, 2025 U.S. App. LEXIS 17784, at *16 (emphasis added). Out-of-context, the third requirement may be read as applying the doctrine even when the initial action is before state court, leaving aside the fact that the D.C. Superior Court is technically an Article I, not state, court. However, in analyzing this element, the D.C. Circuit noted "both suits were brought before *the same court* of competent jurisdiction."

---

[1] Citations are to pages as stamped by ECF.

*Id*. at *18 (emphasis added). This is in line with the quote from *Steele* at the start of this brief as well as current Tenth Circuit jurisprudence, the D.C. Circuit's lodestar.

As the claim-splitting doctrine only applies to duplicative actions within the same court, which is not the case here, only abstention doctrines could counsel against this Court asserting jurisdiction. Plaintiff briefed exhaustively on why no abstention doctrine can apply here. ECF No. 10 at 6-8. During oral arguments on the TRO, Defendant noted Plaintiff's brief "covers pretty much every case on abstention except the critical one that's applicable to this case. And that case is *Moses H. Cone Memorial Hospital*." Ex. 1 at 22:20-23. However, *Cone* is really just *Colorado River* clarified; it "presents the question [of] whether, in light of . . . *Colorado River*" a federal case moving to compel arbitration should be stayed in light of concurrent state court litigation. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 4, 103 S. Ct. 927, 930-31 (1983). Supporting Plaintiff's position here, the Supreme Court answered in the negative, thus allowing concurrent litigation to proceed and reaffirming its long held position that as a general rule, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id*. at 15, (quoting *Colo. River*, 424 U.S. 817)) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (internal quotations removed). In a footnote, the Supreme Court entertained the idea "that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*," but stood firm that the ultimate question is whether there are "exceptional circumstances" warranting abstention. *Id*. at 17 n.20. There is no separate vexatious and reactive litigation abstention doctrine, and as briefed in Plaintiff's Reply, those terms do not describe this unexceptional case. ECF No. 10 at 5-6.

Moreover, prudential considerations in asserting jurisdiction may be on their last leg, and there is no dispute that "[t]he abstention doctrines represent one type of prudential limitation restricting an Article III court's general obligation to hear federal constitutional claims." *Silverman v. Barry*, 234 U.S. App. D.C. 22 n.4, 727 F.2d 1121, 1123 (1984). Article III, § 2 of the U.S. Constitution is unambiguous that the "judicial Power" of federal courts "*shall* extend to all Cases, in Law and Equity, arising under . . . the Laws of the United States." (emphasis added). And long after *Colorado River* and *Cone*, decided in 1967 and 1983 respectively, the Supreme Court has since clarified that "[j]ust as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied . . . it cannot limit a cause of action that Congress has created merely because 'prudence' dictates." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128, 134 S. Ct. 1377, 1388 (2014); *see also Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 66 (9th Cir. 2024) (requiring lower court to review continued vitality of prudential question because the Supreme Court "appears to have walked up to the line but stopped short of abrogating the doctrine" in the ripeness context).

In summary, *Steele* and even broader abstention case law is inapplicable to this matter and not a bar for Plaintiff to proceed in this Court.


**Date**: July 25, 2025                                      Respectfully submitted,

                                                             **National Jewish Advocacy Center**
                                                             3 Times Square
                                                             New York, NY 10036


                                                               /s/        *Matthew Mainen*

                                                             Matthew Mainen
                                                             D.D.C. Bar No. MD0200
                                                             D.C. Bar No. 90021723
                                                             Phone: (301) 814-9007

Email: matt@njaclaw.org

Arielle Kelpach
NY Bar No. 5591128*
Phone: (332) 278-1100
Email: arielle@njaclaw.org

Abra Siegel
IL Bar No. 6279548*
Phone: (312) 487-1281
Email: abra@njaclaw.org

*Pro Hac Vice Pending

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2025, a copy of the foregoing was served electronically via the Court's e-filing system on all counsel of record.

*Matthew Mainen*
Matthew Mainen

5