**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KIMMARA SUMRALL,**

Plaintiff,

v.

**JANINE ALI**

Defendant.

Case No. 1:25-cv-02277 (TNM)

**MEMORANDUM ORDER**

The Court recently denied in part Janine Ali's Motion to Dismiss. Mem. Order (8/18/2026 Mem. Order), ECF No. 46. The Court held that Plaintiff Kimmara Sumrall plausibly stated a claim for discriminatory private violence under 42 U.S.C. § 1981's "Equal Benefit Clause." *Id.* at 8–22. Now, Ali asks the Court to certify its denial order for interlocutory appellate review under 28 U.S.C. § 1292(b). Mot. for Cert. for Interlocutory Appeal ("Mot. for Cert."), ECF No. 48. Because an interlocutory appeal is unlikely to materially advance the ultimate determination of litigation in this case, the Court denies the motion.

The background of Sumrall's § 1981 claim and Ali's motion to dismiss is detailed in this Court's Memorandum Order and will not be repeated. Instead, the Court incorporates it by reference here.

Ali moves to certify the Court's order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "The law is clear that certification under § 1292(b) is reserved for truly exceptional cases." *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (citation omitted). The moving party must first demonstrate: "(1) that the issue involves a

controlling question of law; (2) that substantial contrary authority or other grounds for a difference of opinion exist; and (3) that immediate appeal would materially advance the ultimate determination of the litigation." *Virtual Def. & Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001). Even if a movant can meet that high standard, "the decision whether to certify a case for interlocutory appeal is within the discretion of the district court." *Klayman v. Jud. Watch, Inc.*, 296 F. Supp. 3d 208, 214 (D.D.C. 2018).

Ali's memorandum in support of her motion focuses on the scope of § 1981's Equal Benefit Clause. In Ali's view, whether the Equal Benefit Clause protects against private discriminatory conduct is a classic example of an issue with substantial grounds for difference in opinion. She points to a "dearth of precedent" from the Supreme Court and the D.C. Circuit, as well as a conflict among several circuit courts. Memorandum ISO Mot. for Cert. at 4, ECF No. 48-1 (quoting *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 88 (D.D.C. 2017)). She also contends that the issue is a discrete and controlling legal question because if this Court's order were reversed on that issue, then Sumrall's only federal claim would fail. *Id.* at 3. As a result, the Court would dismiss all remaining state-law claims and end the case. *Id.*

The Court agrees that the state-action issue presents substantial grounds for difference of opinion. Though the Court believes that § 1981's text, history, and precedents support its reading of the Equal Benefit Clause, the Court recognizes the unresolved split between the Second, Third, Fourth, Sixth, and Eighth Circuits. 8/18/2026 Mem. Order at 15–19 (describing that split). Without controlling authority from the Supreme Court or D.C. Circuit, the Court finds that this circuit split weighs in favor of certification.

Even so, the Court is not persuaded that allowing an interlocutory appeal here would be appropriate. True, a reversal on the state-action issue would result in the dismissal of Sumrall's

§ 1981 claim. But that does not mean that Sumrall's entire suit would be dismissed, or even that dismissal would conserve judicial resources. After all, this Court "may choose to retain jurisdiction over . . . pendent state law claims after federal claims are dismissed," *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (citing 28 U.S.C. § 1367(c)(3)), especially when the Court has "invested time and resources" in a case, *Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 378–79 (D.C. Cir. 2010) (citation omitted).

The Court has invested time and resources here. The Court has adjudicated multiple requests for preliminary relief, TRO, ECF No. 12; Mem. Order, ECF No. 26, and resolved a dispositive motion, 8/18/2026 Mem. Order, all requiring the Court to analyze each of Sumrall's state-law claims. The Court does not find that the dismissal of Sumrall's § 1981 claim would be likely to materially advance this litigation.

* * *

In sum, the Court declines to exercise its discretion to certify this case for interlocutory appeal under 28 U.S.C. § 1292(b).

For these reasons, it is hereby

**ORDERED** that Defendant's [48] Motion for Certification to File Interlocutory Appeal is **DENIED**.

**SO ORDERED**.

2026.10.13 13:18:20 -04'00'

Dated: October 13, 2026

TREVOR N. McFADDEN, U.S.D.J.